**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**LYNCHBURG DIVISION**

| | |
|---|---|
| CHERYLL CLEWETT and STEVE BAUS, individually and on behalf of all others similarly situated, <br> *Plaintiffs,* <br><br> v. <br><br> NATIONAL POLICE & SHERIFFS COALITION PAC <br> *Defendant* | **ANSWER** <br><br> Case No. 1:22-cv-06032 |

COMES NOW, the Defendant, by counsel, and, pursuant to Fed.R.Civ.P. 8(b), provides this Answer to the Plaintiffs' Complaint. Defendant answers each of Plaintiffs' claims below in paragraphs numbered correspondingly to the numbered paragraphs in the Complaint.

## BACKGROUND

### Introduction

1.      Deny. Defendant is not a "sham political action committee designed to defraud consumers." Defendant does not violate the TCPA.

2.      Deny. Defendant does not "rake[] in millions of dollars." Defendant does not violate the TCPA.

3.      Deny. Defendant does not "misappropriate" or "funnel" funds in a "fraudulent" manner.

4.      Deny. There is noting "fraudulent" about a PAC paying its legitimate expenses.

5.      Deny. The TCPA does not regulate PACs.

6.      Deny.  Defendant has no knowledge of any member of the alleged class and do not believe any such member exists.  Defendant does not believe Plaintiffs have standing to litigate this action.

**The Telephone Consumer Protection Act**

7.      Defendant has no knowledge or information regarding the legislative intent behind the TCPA.

8.      Admit.

9.      Defendant currently has insufficient knowledge and information to determine whether Plaintiffs have accurately restated these putative points of law.  Regardless, Defendant did not use either an "automatic telephone dialing system or an artificial or prerecorded voice" in the relevant call.

10.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs have accurately restated these putative points of law.  Regardless, Defendant did not use either an "automatic telephone dialing system or an artificial or prerecorded voice" in a relevant call to a cell phone.

11.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs have accurately restated these putative points of law.

12.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs have accurately restated these putative points of law.

**Soundboard Technology**

13.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs has accurately restated these putative points of law.  Regardless, this statement is irrelevant to Defendant's activities.

14.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs' statement is accurate.  Regardless, this statement is irrelevant to Defendant's activities.

15.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs' statement is accurate.  Regardless, this statement is irrelevant to Defendant's activities.

16.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs has accurately restated these putative points of law.  Regardless, this statement is irrelevant to Defendant's activities.

17.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs' statement is accurate.

18.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs' statement is accurate.

## JURISDICTION AND VENUE

19.     Admit.

20.     Admit.

21.     Admit.

## PARTIES

22.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs' statement is accurate.

23.     Admit.

24.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs' statement is accurate.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Deny.

## GENERAL FACTUAL ALLEGATIONS

32.     Deny.

33.     Deny.  Defendant only uses prerecorded voices in calls to landlines, which is

legal.

34.     Deny.  Soundboard technology can be used in calls made to landlines.

35.     Defendant denies Plaintiff's characterization of "Defendant's telephone calls."

Defendant has no knowledge or information regarding of what Plaintiffs are aware or regarding

Plaintiffs' "familiarity with normal human interaction," etc.

36.     Defendant has no knowledge or information regarding this allegation.

37.     Defendant has no knowledge or information regarding this allegation because

Plaintiff is referring to a putative class of Plaintiffs whose identities Defendant does not know.

## PLAINTIFF STEVE BAUS' FACTUAL ALLEGATIONS

38.     Defendant has no knowledge or information regarding this allegation.  Defendant

cannot fully research this allegation without the full telephone number.

39.     Deny.  Defendant has certain knowledge that Mr. Baus actually received a call

from a different PAC with a name similar to Defendant's.

40. Deny. Defendant has certain knowledge that the cited number actually belongs to a different PAC with a name similar to Defendant's. Defendant does not spoof.

41. Deny. Defendant was not involved in the referenced call.

42. Defendant has no knowledge or information regarding this allegation. Defendant was not involved in the referenced call.

43. Defendant has no knowledge or information regarding this allegation. Defendant was not involved in the referenced call.

44. Defendant has no knowledge or information regarding this allegation. Defendant was not involved in the referenced call.

45. Defendant has no knowledge or information regarding this allegation. Defendant was not involved in the referenced call.

## PLAINTIFF CHERYLL CLEWETT'S FACTUAL ALLEGATIONS

46. Admit.

47. Admit.

48. Defendant admits the call came from the cited telephone number. Defendant denies that the number was "spoofed."

49. Deny.

50. Defendant denies Plaintiff's characterization of this telephone call. Defendant has no knowledge or information regarding of what Plaintiff Clewett is aware or regarding Plaintiff's "familiarity with normal human interaction," etc.

51. Defendant denies any implication that "prior express consent" was required.

## DEFENDANT'S LIABILITY

52. Deny.

53.     Defendant has no knowledge or information regarding this allegation because Plaintiff is referring to a putative class of Plaintiffs whose identities Defendant does not know.

54.     Deny.  Defendant did not make a call to Plaintiff Baus at all.  Defendant did not us an "artificial or prerecorded voice" in the call to Plaintiff Clewett.  Defendant does not know the identity of any class member.

55.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs has accurately restated these putative points of law.  Regardless, this statement is irrelevant to Defendant's activities.

56.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs has accurately restated these putative points of law.  Regardless, this statement is irrelevant to Defendant's activities.

57.     Deny.  Defendant has knowledge and information that leads it to conclude that Plaintiffs are "professional plaintiffs" who welcome such calls so they can demand settlements or file frivolous lawsuits that perpetrate a fraud upon this Court.

58.     Deny.  Plaintiffs were not injured and thus have no standing to sue.

## CLASS ACTION ALLEGATIONS

59.     Admit.

60.     Admit that Plaintiff seeks certification.  Defendant denies that there will be any members of the class because Defendant makes no calls whatsoever to cellular telephone numbers while using "artificial or prerecorded voice[s]".

61.     Admit.

62.     Deny.  Defendant denies that there will be any members of the class because Defendant makes no calls whatsoever to cellular telephone numbers while using "artificial or prerecorded voice[s]".

63.     Deny.  There are no members of the class.

64.     Deny.  There are no members of the class.

65.     Admit that identities are ascertainable because "Defendant and third parties maintain written and electronically stored data."  Defendants deny that there are any members of the class.

66.     Deny that this is a comprehensive list of legal and factual elements because it does not list any element requiring the call to be made to a cell phone number.

67.     Deny for reasons stated above.

68.     Deny for reasons stated above.

69.     Deny because on the theoretical chance that there *were* members of the class, some plaintiffs could be "professional plaintiffs" who lack injury and standing to sue.  Such professional plaintiffs would have interests that conflict with the legitimate plaintiffs' interests.

70.     Defendant currently has insufficient knowledge and information to determine whether Plaintiffs have engaged appropriate counsel.

71.     Deny.

72.     Deny because there are no class members.

73.     Deny because there are no class members.

74.     Deny because there are no class members.

75.     Admit that identities are ascertainable because "Defendant and third parties maintain written and electronically stored data." Defendants deny that there are any members of the class.

76.     Admit that this is what Plaintiffs seek. Defendant denies that such relief is appropriate or warranted.

**CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiffs and the Class)**

77.     Defendant incorporates the foregoing paragraphs as if fully set forth herein.

78.     Deny.

79.     Defendant has no knowledge or information regarding this allegation.

80.     Deny.

81.     Deny.

82.     Deny.

83.     Deny.

Defendant NATIONAL POLICE & SHERIFFS COALITION PAC

By:     /s/ Charles H. Nave
        Counsel for Defendant

Charles H. Nave, Esq.
Admitted in Virginia (VSB No. 43585), Maryland, and the District of Columbia
charlie@nave-law.com
CHARLES H. NAVE, P.C.
316 Mountain Avenue, S.W.
Roanoke, Virginia 24016
Tel: (540) 345-8848
Fax: (540) 301-4926
info@nave-law.com