# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYLL CLEWETT** and **STEVE BAUS**, individually and on behalf of all others similarly situated,<br><br>     *Plaintiffs*,<br><br> v.<br><br>**NATIONAL POLICE & SHERIFFS COALITION PAC**,<br><br>     *Defendant*. | Civil Case No.: 1:22-cv-06032<br><br>Hon. Andrea R. Wood |

## PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

Plaintiffs, Cheryll Clewett and Steve Baus ("Plaintiffs"), file this Opposition to Motion to Withdraw as Counsel (Dkt. No. 23) (the "Motion") and state as follows:

### Relevant Procedural and Factual History

Plaintiffs initiated this class action on November 1, 2022. Dkt. No. 1. On December 9, 2022, Defendant, National Police & Sheriffs Coalition PAC ("Defendant") filed its Answer. Dkt. No. 11. The Parties filed a Joint Initial Status Report on December 27, 2022. Dkt. No. 12. The parties held a status hearing with the Court on January 3, 2023, and the Court entered a scheduling order. *See* Dkt. No. 17. On January 17, 2023, Defendant filed its Corporate Disclosure Statement and identified itself as "an Illinois non-party political organization" with no parent corporation.[1] The parties began discovery.

On February 21, 2023, Defendant contacted Plaintiffs and advised that Defendant "dissolved itself on the IRS website" and provided a copy of IRS Form 8871 to Plaintiffs. *See*

---

[1] 10 ILCS 5/9-3 requires "[e]very political committee . . . file with the State Board of Elections a statement of organization within 10 business days of the creation of such committee . . . ." A search of the Illinois State Board of Elections returns no results for Defendant's registration. *See* https://www.elections.il.gov/campaigndisclosure/committeesearch.aspx (last accessed March 11, 2023).

Exhibit "A." The IRS Form 8871 stated:

> National Police & Sheriffs Coalition PAC has terminated its ongoing operations and will no longer be engaged in political activity. It will retain the remaining cash on hand as a contingent reserve against any potential administrative requirements. Upon resolving any contingent liabilities, all remaining funds will be donated to a 501(c)(3) organization.

Exhibit A.

On March 3, 2023, the Parties filed their second Joint Status Report. [Dkt. No. 19.] On the same day, Defendant's local counsel James Wideikis, Esq. and Shawn M. Staples, Esq. filed motions to withdraw as attorneys for Defendant. [Dkt. Nos. 20, 21.] Plaintiffs did not oppose the motions. On March 9, 2023, the Court granted Messrs. Wideikis and Staples' motions to withdraw, leaving only Charles Nave as counsel for Defendant. [Dkt. No. 22.] The Court also set a telephonic status hearing for March 23, 2023. [*Id.*]

On March 10, 2023, Mr. Nave filed his motion to withdraw as attorney for Defendant. No substitute counsel was proposed or entered an appearance. Plaintiffs oppose this Motion.

## Legal Argument

The Motion should be denied because it would leave Defendant without any counsel. Defendant cannot represent itself *pro se*. "Corporations unlike human beings are not permitted to litigate pro se." *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993)); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003) (non-profit corporation cannot represent itself *pro se*); *Estrada v. Hamby*, No. 04-434-CJP, 2010 U.S. Dist. LEXIS 6061, at *4 (S.D. Ill. Jan 26, 2010) ("Corporations and other parties that are not natural persons can appear in the federal courts *only* through licensed counsel and may not appear pro se or through ordinary agents.").

Defendant has stated that it has dissolved and represents that it has little to no funds

available to hire new counsel. If Defendant were to engage new counsel, Plaintiffs would not oppose the Motion. If Defendant does not intend to engage new counsel, it would be unable to defend the case and, effectively, be submitting to a default judgment. *See Rowland v. Cal Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("save in a few aberrant cases . . . 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (citing *Rowland*); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Fed. R. Civ. P. 55.") (internal citations omitted); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998) (finding that the district court did not abuse its discretion in entering a default judgment against defendant corporation for failure to retain local counsel and file a proper response.)

A default judgment, and lack of participation in this matter, may afford Defendant a strategic advantage. In a TCPA class action lawsuit, a defendant's call records, calling lists and data are the key evidence necessary to determine whether a plaintiff can satisfy the requirement for class certification under Rule 23. *See Starling v. KeyCity Capital, LLC*, No. 3:21-cv-818-S, 2022 U.S. Dist. LEXIS 11438 at *10 (N.D. Tex. Jan. 21, 2022) ("District courts . . . routinely permit precertification discovery of call lists and call data in TCPA class actions."); *Warren v. Credit Pros Intl Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 U.S. Dist. LEXIS 79150, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class

certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 U.S. Dist. LEXIS 167728, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action 'entitled to some class-wide discovery' at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 U.S. Dist. LEXIS 186651, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank,* No. 3:16-cv-1321-H-BGS, 2017 U.S. Dist. LEXIS 70873, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."). Were the Motion to be granted and no substitute counsel retained, Defendant would default and it would be difficult for Plaintiffs to obtain relevant discovery to support their motion for class certification and prove their aggregate damages. Plaintiffs will be prejudiced by their inability to obtain the information required to move for certification – an outcome favorable to, and likely desired by Defendant. Indeed, it appears that Defendant is strategically attempting to defend this matter by dissolving and not participating.

Furthermore, the Motion provides no stated reason(s) for the requested withdrawal, or that Defendant consented to the withdrawal. An attorney seeking to withdraw "must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017). The only

4

reason cited is that "Defendant has dissolved itself, no longer exists, and therefore cannot confer with any attorney or otherwise participate in its own defense." [Dkt. No. 23 at ¶ 3.] Counsel admits that his client did not consent to the withdrawal. In addition, Defendant's position that it cannot participate in its own defense is simply untrue. Illinois law provides that dissolution does not prevent that corporation from bringing a lawsuit or being sued after such dissolution. *See* 805 ILCS 105/112.80 (two years); 805 ILCS 5/12.80 (five years). The Court should deny Defendant's strategic attempt to escape the consequences of its unlawful conduct.

## Conclusion

Based on the foregoing, Plaintiffs request that the Motion be denied and such other relief as the Court deems appropriate.

Plaintiffs CHERYLL CLEWETT and STEVE BAUS, individually and on behalf of all others similarly situated,

By: /s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Tel: (312) 440-0020
Fax: (312) 440-4180
*www.attorneyzim.com*

Max S. Morgan
*max.morgan@theweitzfirm.com*
Eric H. Weitz
*eric.weitz@theweitzfirm.com*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875

5