UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYLL CLEWETT, STEVE BAUS**, and **AVATAR OJAR**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NATIONAL POLICE & SHERIFFS COALITION PAC**, **FRANK PULCIANI**, and **CAMPAIGN CALLING, LLC**,<br><br>*Defendants*. | Civil Case No.: 1:22-cv-06032<br><br>District Judge Andrea Wood |

### PLAINTIFFS' MOTION FOR AN ORDER APPROVING SERVICE OF PROCESS BY ALTERNATIVE MEANS ON DEFENDANT FRANK PULCIANI

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiffs Cheryll Clewett, Steve Baus, and Avatar Ojar ("Plaintiffs") request an Order approving service of process by alternative means on Defendant Frank Pulciani ("Pulciani") by (1) serving a summons and First Amended Class Action Complaint ("FAC") to his current residential address by private carrier United Parcel Service ("UPS"), and (2) taping a copy of the summons and FAC to the front door of his current residence.

Plaintiffs' claims arise out of Defendants' alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Plaintiffs filed their complaint against Defendant National Police & Sheriffs Coalition PAC ("NPSC") on November 1, 2022. Dkt. 1. Plaintiffs effected service of the summons and complaint on NPSC by serving its designated agent, Frank Pulciani, at his residence. *See* Executed Summons, Dkt. 22.

On December 9, 2022, NPSC filed its answer through its retained counsel, Charles Nave. The parties began discovery. During Plaintiffs' and NPSC's first meet and confer to discuss

discovery responses, Plaintiffs asked whether Defendant would oppose an amendment to the complaint to add Campaign Calling LLC. Thereafter, NPSC's counsel filed motions to withdraw as counsel. *See* Dkts. 20, 21, 23. On March 13, 2023, while NPSC was still represented by counsel, Plaintiffs filed their motion for leave to file a FAC to, among other things, add as Defendants Campaign Calling, LLC and Frank Pulciani. *See* Dkt. 25.

On March 23, 2023, the Court held a status and motion hearing on the pending motions, which was attended telephonically by Pulciani. *See* Dkt. 29. During the hearing, on the record, and with Pulciani personally attending, the Court granted the motions to withdraw and granted Plaintiffs' motion for leave to file the FAC. Plaintiffs filed the FAC that same day. Dkt. 28.

Plaintiffs served NPSC and Campaign Calling LLC, who have both since failed to appear or respond. *See* Dkts. 30, 34. Since the FAC was filed, Plaintiffs have diligently pursued Pulciani to serve him personally with the summons and FAC at the same address Plaintiffs successfully served him as representative of NPSC. Plaintiffs have made attempts to serve him personally, but have been unable to do so.

Specifically, Plaintiffs attempted to serve Pulciani on April 5, 2023 at 10:00 am, April 6, 2023 at 7:00 am, April 7, 2023 at 7:30 pm, April 8, 2023 at 12:15 pm, and April 10, 2023 at 3:30 pm. *See* Affidavit of Charles R. Lance Jr., April 11, 2023, attached hereto as Exhibit A. Plaintiffs also made attempts to serve Pulciani on April 18, 2023 at 10:00 am, April 19, 2023 at 7:30 am, April 21, 2023 at 7:20 pm, and April 22, at 1:00 pm. *See* Affidavit of Charles R. Lance, Jr., April 24, 2023, attached hereto as Exhibit B. For each attempt, the process server left a card. *Id*. Plaintiffs also attempted to serve Pulciani on May 20, 2023 at 9:00 am. *See* Notification from Guaranteed Subpoena Service, attached hereto as Exhibit C.

Plaintiffs had a "skip trace" performed, which confirmed that Pulciani has no other addresses and he is still listed at his current residence address where Plaintiffs are attempting to serve him—at which he was previously served. *See* Spartan Detective Agency Skip Trace Report, attached hereto as Exhibit D.

A request to make service by an alternative method is governed by Federal Rule of Civil Procedure (4)(1), which authorizes service of a summons and complaint "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See Swaim v. Moltan Co.,* 73 F.3d 711, 719 (7th Cir. 1996) (explaining that in the absence of rules for service of process set forth in the statute giving rise to the cause of action, "service of process is governed by the law of the state in which the district court is located"). Under Illinois law, if service is "impractical" under the methods set forth in Section 2–203(a), a plaintiff "may move, without notice, that the Court enter an order directing a comparable method of service." 735 ILCS 5/2–203.1. The Illinois General Assembly has directed that a motion to approve service under Section 5/2–203.1 "shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical * * *, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful." *In re Schmitt,* 321 Ill. App. 3d 360, 367 (2d Dist. 2001). If the moving party has satisfactorily made the required showing of "diligent inquiry" by affidavit, "[t]he court may order service to be made in any manner consistent with due process." *Id.* at 367–68.

Under the circumstances, Plaintiffs have made a diligent effort to serve Pulciani. By virtue of Pulciani's presence at the Court hearing, Pulciani has personal knowledge that he is a named

Defendant in this lawsuit. Certainly, as a retired law enforcement officer, Pulciani would appreciate the importance of responding to service of process. Yet, according to the affidavit of non-service submitted herewith as Exhibit A, Pulciani was "served previously at [his] listed address and he attempted to evade service." See Exhibit A.

Plaintiffs made numerous attempts to serve Pulciani at his address, which were unsuccessful. See Exhibits B and C. Plaintiffs thereafter conducted a skip trace and confirmed that Pulciani had no other addresses at which he resides. See Exhibit D.

Given Plaintiffs' diligence and clear evidence that Pulciani is evading service because he knows he is a named Defendant in this lawsuit, Plaintiffs have good cause to request an order approving service on Pulciani through alternative means, namely: (1) delivering the FAC and summons to his address via UPS, and (2) taping the summons and FAC to the front door of his residence. This alternative method will ensure that Pulciani receives the summons and FAC, and defeats further attempts by him to evade service.

Such methods have been approved by Courts in similar circumstances. *V & T Inv. Corp. v. Lundy*, 2019 IL App (1st) 180414-U, ¶ 18; *Wells Fargo Bank, N.A. as Tr. for Option One Mortgage Loan Tr. 2007-4 Asset Backed Certificates, Series 2007-4 v. Lee*, 2021 IL App (1st) 190560-U, ¶ 19. "[M]ultiple attempts to serve defendant over several days at [a] known property address [is] enough to show an honest and well-directed effort to ascertain her whereabouts" and to meet the due inquiry requirement. *Wells Fargo*, 2021 IL App (1st) 190560-U, ¶ 19.

Here, Plaintiffs have conducted a reasonably diligent inquiry into Pulciani's residence address—where he was previously served—and made numerous attempts to effect service on numerous occasions. Pulciani lives at the address where service was attempted on multiple occasions. See Exhibit D. Pulciani knows he is a Defendant in this lawsuit, and is purposefully not

4

allowing contact with Plaintiffs' process servers. "Courts do not favor those who seek to evade service of summons." *V & T Inv. Corp. v. Lundy*, 2019 IL App (1st) 180414-U, ¶ 18.

Accordingly, the Court should authorize service of process by the alternative means set forth above, and order such other relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ Thomas A. Zimmerman, Jr.
    Thomas A. Zimmerman, Jr. (IL #6231944)
    tom@attorneyzim.com
    Jeffrey D. Blake
    jeff@attorneyzim.com
    **ZIMMERMAN LAW OFFICES, P.C.**
    77 W. Washington Street, Suite 1220
    Chicago, IL 60602
    Tel: (312) 440-0020
    Fax: (312) 440-4180
    www.attorneyzim.com

    Max S. Morgan
    *max.morgan@theweitzfirm.com*
    Eric H. Weitz
    *eric.weitz@theweitzfirm.com*
    **THE WEITZ FIRM, LLC**
    1515 Market Street, #1100
    Philadelphia, PA 19102
    Tel: (267) 587-6240
    Fax: (215) 689-0875

    Elan N. Stone (pro hac vice)
    elan@davidovichlaw.com
    **DAVIDOVICH STEIN LAW GROUP LLP**
    6442 Coldwater Canyon Avenue, Suite 209
    North Hollywood, CA 91606
    Tel: (818) 661-2420
    Fax: (818) 301-5131

    Justin S. Nematzadeh (pro hac vice)
    jsn@nematlawyers.com
    **NEMATZADEH PLLC**

        101 Avenue of the Americas, Suite 909
        New York, NY 10013
        Tel: (646) 799-6729

        Counsel for Plaintiffs and the Proposed Class