## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYLL CLEWETT, STEVE BAUS**, and **AVATAR OJAR**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NATIONAL POLICE & SHERIFFS COALITION PAC**, **FRANK PULCIANI**, and **CAMPAIGN CALLING, LLC**<br><br>*Defendants*. | Civil Case No.: 1:22-cv-06032<br><br>**District Judge Andrea R. Wood** |

## PLAINTIFFS' MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY ISSUED TO DEFENDANT FRANK PULCIANI

NOW COME Plaintiffs Cheryll Clewett, Steve Baus and Avatar Ojar, individually, and on behalf of all others similarly situated ("Plaintiffs"), by and through counsel, and move this Court for an order granting Plaintiffs' Motion to Compel Responses to Written Discovery Issued to Defendant Frank Pulciani ("Pulciani"). Pursuant to L.R. 37-2, the parties met and conferred by telephone and were unable to resolve their conflicts. Plaintiffs seek relief pursuant to Fed. R. Civ. P. 37(a)(3)(B) regarding Pulciani's refusal to respond in good faith to Plaintiffs' discovery requests or to conduct a good faith and reasonable search for responsive documents.

## I.    FACTUAL BACKGROUND

This is a case about Pulciani's sham political action committee designed to defraud consumers out of millions of dollars by soliciting so-called "political" contributions through rampant violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. First Amended Complaint ("FAC") [ECF No. 28] at ¶ 1. Defendants National Police & Sheriffs Coalition PAC ("NPSC"), Pulciani and Campaign Calling, LLC ("Campaign Calling")

(collectively, "Defendants") rake in millions of dollars soliciting what they describe as "donations" by placing prerecorded voice calls to individuals' cellular telephones without the individuals' prior express consent, in violation of the TCPA. *Id.* at ¶ 2. These calls used soundboard technology, which the FCC had declared is subject to the TCPA. *Id.* at ¶¶ 13-18, 48-50.

Instead of putting the millions of dollars raised by Defendants to work for the law enforcement officials that Defendants claim to champion, Defendants misappropriate and funnel nearly all of the funds and fraudulently characterize the transactions as "expenditures." *Id.* at ¶ 3. For example, for FY2021, NPSC claimed to have received $1,069,921 in contributions, but shelled out 99.339% of these contributions ($1,062,851) in "fundraising" and other related expenses. *Id.* at ¶ 4. Plaintiffs each received Defendants' illegal calls soliciting "donations". *See id* ¶¶ 54-61 (Baus), 62-67 (Clewett), 68-73 (Ojar).

On December 9, 2022, NPSC filed an Answer to Plaintiffs' original Complaint. [ECF No. 11]. In its Answer, NPSC admitted to calling Ms. Clewett on April 28, 2022 without any consent. [*Id.* at ¶¶ 46-47, 51.][1] NPSC initially denied calling Mr. Baus (*id.* at ¶¶ 39-45), but later admitted to doing so (without consent) when presented with copies of solicitation documents NPSC sent to Mr. Baus following the call it placed to him.[2] NPSC identified Campaign Calling, LLC as the vendor that called Mr. Baus and Ms. Clewett. *See, e.g.* Ex. A at Resp. to Rog. 2, Ex. B at Resp. to Rog. 2.

In a strategic attempt to avoid responsibility for his actions, on or about February 21, 2023, Pulciani dissolved NPSC. *See* Status Report [ECF No. 19] at 2. NPSC's counsel then filed

---

[1] Additionally, NPSC admitted to calling Ms. Clewett without consent in response to Ms. Clewett's Requests for Admission. *See* Ex. A at Req. for Adm. Resp. Nos. 1-6. The only fact NPSC disputes is whether or not the call at issue utilized a prerecorded or artificial voice.

[2] *See* Ex. B at Resp. to Rog. No. 2, fn. 1 ("Because Plaintiff Baus provided a pledge kit number in Baus Discovery, Defendant was able to conduct additional research on Plaintiff Baus's claims. This research indicates that Defendant likely did call Plaintiff Baus. Defendant is willing to amend its Answer paragraphs #38-45 if necessary.") *See also* Ex. B at Req. for Adm. Resp. Nos. 1-6.

motions to withdraw. [*See* ECF Nos. 20-21, 23.] The Court granted NPSC's counsel's motions. [*See* ECF No. 22, 29.] New counsel did not enter an appearance for NPSC.

On March 23, 2023, Plaintiffs filed their Amended Complaint. [ECF No. 28.] The Amended Complaint added Mr. Ojar as an additional Plaintiff and also added Pulciani and Campaign Calling, LLC as Defendants. [*Id.*] Campaign Calling was served on April 3, 2023. [ECF No. 31.] Pulciani evaded numerous service attempts, requiring Plaintiffs to file a Motion for an Order Approving Service of Process by Alternative Means [ECF No. 35], which the Court granted on June 14, 2023. [ECF No. 36.] On August 28, 2023, Pulciani filed his Answer. [ECF No. 42.]

On September 8, 2023, Plaintiffs served their first set of discovery requests on Pulciani. On October 9, 2023, Pulciani served his responses. *See* Ex. C. Despite being the only officer and decisionmaker of NPSC, Pulciani did not produce a single document. As discussed in detail below, Pulciani's discovery responses and objections fail to comply with multiple rules and represent a continued bad faith effort by him to frustrate the prosecution of this case.

On October 6, 2023, Plaintiffs contacted Pulciani's counsel regarding his deficient discovery responses and asked that he amend them within ten days. *See* Ex. D. Pulciani responded that he would not withdraw his objections. *See id*. The parties met and conferred on October 12, 2023. Pulciani agreed to provide amended responses by October 27, 2023. Ex. E. Pulciani failed to amend his responses as agreed.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) allows any party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Gritters v. Ocwen Loan Servicing, LLC*, 14 CV 916, 2016 WL 11268489, at *2

(N.D. Ill. Jan. 26, 2016). If the party from whom documents are requested objects to their production, that party has the burden to show why a discovery request is improper. *Burkybile v. Mitsubishi Motors Corp.*, 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006).

That burden cannot be met by a reflexive invocation of "the same baseless, often abused litany" of objections that the requested discovery is "vague, ambiguous, overly broad, unduly burdensome" or that it is "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Swift v. First USA Bank,* No. 98-8238, 1999 WL 1212561 (N.D. Ill. Dec.15, 1999). Despite courts' repeated admonitions that these sorts of "boilerplate" objections are ineffectual, their use continues unabated, with the consequent institutional burdens and the needless imposition of costs on the opposing party. *Burkybile*, 2006 WL 2325506, at *6. Such objections are "tantamount to not making any objection at all." *Ezell v. City of Chicago*, 18 C 1049, 2021 WL 2136395, at *7 (N.D. Ill. May 26, 2021) (quoting *Klein v. AIG Trading Group Inc.*, 228 F.R.D. 418, 424 (D. Conn. 2005) (overruling "the familiar litany that the [requests] are burdensome, oppressive or overly broad")).

A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). In ruling on motions to compel discovery, "courts have consistently adopted a liberal interpretation of the discovery rules." *Id.* at 450. The party objecting to discovery bears the burden to show the requested discovery is improper. *Baxter Int'l, Inc. v. AXA Versicherung*, 320 F.R.D. 158, 161 (N.D. Ill. 2017).

## III.    ARGUMENT

### 1.    Pulciani is Shirking his Discovery Obligations and Refuses to Conduct a Search for Responsive Information Despite Previous Admissions that Responsive Information Exists

Despite being the only reported officer of NPSC since 2020 and the sole custodian of its records, Pulciani admits that he literally did ***nothing*** to obtain information to respond to Plaintiffs' discovery requests. *See* Ex. C at 13 (Interrog. No. 18, reproduced below).

18. Identify all devices, accounts, locations, databases, and files searched and detail the searches performed for the documents requested in these Discovery Requests. Include in your response any devices, accounts, locations, databases, and files that had potentially responsive information that has been deleted, lost, altered, encrypted, or transferred.

ANSWER: None.

Pulciani has a duty to conduct a reasonable inquiry when responding to discovery requests. *See* Fed. R. Civ. P. 26(g)(1). *See also Anderson v. Cryovac, Inc*., 862 F.2d 910, 929 (1st Cir. 1988) ("Once a proper discovery request has been reasonably propounded, we will not allow a party . . . to avoid its obligations by . . . failing to examine records within its control."); *Farker and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006).  Pulciani, individually and as the custodian of records for NPSC, also has a duty to preserve evidence.  *See Haraburda v. Arcelor Mittal USA, Inc.,* No. 2:11 CV 93, 2011 U.S. Dist. LEXIS 70937, 2011 WL 2600756 (N.D. Ind. June 28, 2011) (describing duty to preserve evidence).

Pulciani's deficient discovery responses, in whole, are in bad faith.  He admits that he conducted **<u>no search</u>** for any documents or evidence before responding to the discovery requests. He responds to 21 out of 29 requests for production that there are no responsive documents, but he conducted no search. Pulciani makes the patently absurd claim that he used no modes of

communication in conducting business on behalf of the NPSC. *See* Ex. C at 11-12 (Interrog. No. 8). Pulciani should be compelled to perform the search required by the Federal Rules of Civil Procedure, required to amend all of his responses to Plaintiffs' interrogatories and requests for production, and sanctioned for his repeated flaunting of the Rules in this case.[3] *See Venator v. Interstate Res., Inc.*, No. CV415-086, 2016 U.S. Dist. LEXIS 50964, 2016 WL 1574090 at *9 (S.D. Ga. Apr. 15, 2016) ("[D]oing the right thing upon discovery of documents does not erase a Rule 26(g) violation for failing to conduct a reasonable search in the first place."). Furthermore, the Court should require that Pulciani's counsel assist, guide, and collect documents responsive to Plaintiffs' discovery requests. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 942 (N.D. Ill. 2021) ("Counsel must be competent in their knowledge and ability to identify, preserve, collect, review, and produce ESI.").

Pulciani's bad faith conduct is exemplified by NPSC's prior admissions in this case. For example, in its answer, NPSC admitted that it and its third parties maintain written and electronic information that is sufficient to identify the individuals that received unsolicited calls from NPSC:

> 65.    Admit that identities are ascertainable because "Defendant and third parties maintain written and electronically stored data." Defendants deny that there are any members of the class.

[ECF No. 11 at ¶ 65.] Pulciani and Campaign Calling, LLC were previously identified as the sources of information produced in response to the discovery served on NPSC. *See* Exs. A, B at Resp. to Rog. No. 1. It is clear that Pulciani has employed a new bad faith litigation strategy and must be compelled to comply with his obligations under the Federal Rules of Civil Procedure.

---

[3] Pulciani previously evaded service in the case after attending a hearing with the Court and learning Plaintiff intended to file an Amended Complaint naming him individually as a defendant. [*See* ECF No. 35.]

### 2. Pulciani's Objections are Improper and Should Be Overruled

In addition to failing to conduct any search, Pulciani's responses to Plaintiffs' first set of discovery requests consist exclusively of boilerplate, unsupported objections such as "overbroad," and "irrelevant." Rule 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." It is well established that boilerplate objections of this nature are not adequate objections. *See, e.g.*, *Josephs v. Harris Corp*., 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory."); *Burkybile*, 2006 WL 2325506, at *6; *United Auto. Ins. v. Veluchamy*, No. 09 C 5487, 2010 WL 749980, at *5 (N.D. Ill. Mar. 4, 2010). Merely listing general objections in this manner is insufficient to preserve the objection. Courts have concluded that such objections are waived and have overruled them. *Ezell* 2021 WL 2136395, at *7.

Here, the Court should overrule the same objections reflexively made by Pulciani. Pulciani's conclusory and unsupported claims of overbreadth and relevance fail to set forth objections with the required specificity and are incorrect. *See In re Peregrine Fin. Grp. Customer Litig.*, 12 C 5546, 2015 WL 1344466, at *4 (N.D. Ill. Mar. 20, 2015). Plaintiffs request that the Court overrule Pulciani's unsupported objections to requests for production 16, 17, 25, and 26 and interrogatories 9, 11, and 12, and order him to provide responsive information in good faith.

### 3. Pulciani's Responses Violate Federal Rule of Civil Procedure 34(b)(2)(C)

Pulciani failed to comply with the Federal Rules because he does not state whether documents are being withheld on the basis of any specific objection asserted. *See* Fed. R. Civ. P. 34(b)(2)(C). This makes it impossible for Plaintiffs to know whether requested information is

being withheld, and on what basis. Further, "[t]he practice of objecting to a request for production but then stating that documents will be produced 'subject to and without waiving the objection' is no longer acceptable after the 2015 amendments to the Federal Rules of Civil Procedure, and Rule 34(b)(2)(C) makes that explicit." *Bilek v. Nat'l Cong. of Employers, Inc.*, 18 C 3083, 2021 WL 25543, at \*6 (N.D. Ill. Jan. 4, 2021). Pulciani repeatedly objects to discovery requests without advising Plaintiffs if he is withholding documents with respect to any objection.

For example, in response to Request No. 16, which seeks all communications with any third party or vendor concerning this litigation, Pulciani responds, "[o]bjection, overbroad, not relevant and not likely to lead to discoverable evidence." Ex. C at 4 (Req. No. 16). There is no good faith argument to support Pulciani's objection to such request. Communications with third parties (such as the vendor that placed the calls) or any other person about ***this litigation*** is certainly tailored to lead to the discovery of admissible evidence. Pulciani fails to provide any argument or reason why such a request is objectionable. Importantly, Pulciani fails to advise Plaintiffs if he is withholding documents in response to his objection. *See* Fed. R. Civ. P. 34(b)(2)(C). Pulciani's responses to Requests for Production Nos. 17 (documents concerning previous TCPA violations), 25 (documents relating to Terry Henley, the principal of NPSC's vendor Campaign Calling, LLC), 26 (Documents and communications with Terry Henley) are no better and violate the Federal Rules for the same reasons. Ex B. at 5-6.

The Court should overrule Pulciani's improper objections, and order Pulciani to produce responsive documents and information in his possession, custody, or control.

### 4. Pulciani Must Provide a Privilege Log

Federal Rule of Civil Procedure 26(b)(5) provides that, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to

protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5). The requirement that a party claiming privilege produce a privilege log, codified in Fed. R. Civ. P. 26(b)(5), is a requirement of long standing. *See Sandra T.E. v. South Berwyn Sch. Dist. 100*, 600 F.3d 612, 623 (7th Cir. 2010); Fed.R.Civ.P. 26(b)(5) (1993 comments). This Court has noted that claims of privilege supported by an untimely privilege log is a frequent problem and can result in waiver:

> An even more frequent problem is presented by claims of privilege or work-product protection that are supported by a privilege log that is untimely produced. Indeed, in many cases a privilege log is not contemporaneously produced at the time a claim of privilege is made and often is not produced for months or even years after the claim of privilege is raised. This insouciant attitude towards the privilege log requirement can have catastrophic repercussions, for the court can deem the claims of privilege waived. While it is true that Rule 26(b)(5) does not prescribe when a privilege log must be provided there is a significant risk in not providing the log to the other side at the time the claim of privilege or work-product protection is made. As is the case with an inadequate privilege log, an untimely log can result in a waiver of the privileges being claimed. *See* the discussion in *Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 2015 WL 3989152, 3 (N.D. Ill. 2015).

*Kramer v. Am. Bank & Trust Co., N.A.*, No. 11 C 8758, 2015 U.S. Dist. LEXIS 177335 at *6-7 (N.D. Ill. Aug. 17, 2015) ("An even more frequent problem is presented by claims of privilege or work-product protection that are supported by a privilege log that is untimely produced.").

Pulciani objects to certain discovery requests on the basis of "attorney client privilege." *See, e.g.*, Ex. C at 12 (Interrog. No. 12). Pulciani fails to provide a privilege log and has refused to do so when requested. Pulciani's objections based on attorney client privilege are therefore waived and he should be ordered to produce responsive documents. In the alternative, he should

be compelled to produce a privilege log if he intends to maintain such an objection.

### 5. Pulciani's Responses are Improperly Limited to the Present and not the Appropriate Four-Year Statute of Limitations

Plaintiffs' discovery requests were limited to the period of time starting four years before the filing of the original complaint (i.e., the statute of limitations for TCPA claims) and continuing through the present. In many of his responses, Pulciani improperly refuses to provide information about NPSC for the period before NPSC was dissolved. For example, Interrogatory No. 13 requests that Pulciani "[i]dentify all employees, representatives, agents, officers, and principals of [NPSC]." *See* Ex. C at 12. Pulciani responded to this discovery request stating, "[n]one. NPSC PAC is no longer a going concern." *Id.* This response is evasive and nonresponsive and is clearly a bad faith attempt to frustrate the prosecution of this action.

Pulciani should be compelled to identify all employees, representatives, agents, officers and principals of NPSC while it was in operation during the last four years. These individuals, if any, are likely to have discoverable information pertaining to the operations of NPSC that is directly relevant to this case. For example, when Ms. Clewett initially complained to NPSC about the illegal calls, she received correspondence from "Bill Davis" with NPSC who advised she would be placed on NPSC's do-not-call list. NPSC did not identify Mr. Davis or anyone else that may have discoverable information. To the extent Pulciani's other responses are deficient on this basis, he should be compelled to respond to the discovery covering the relevant time period.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their Motion to Compel Responses to Written Discovery, award Plaintiffs their attorney's fees and costs that were necessitated by Pulciani's refusal to engage in discovery in good faith, and grant such other relief as the Court deems appropriate.

Plaintiffs CHERYLL CLEWETT, STEVE BAUS, and AVATAR OJAR, individually and on behalf of all others similarly situated,


By: /s/ Jeffrey D. Blake

Thomas A. Zimmerman, Jr. (IL #6231944)
*tom@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Tel: (312) 440-0020
Fax: (312) 440-4180
*www.attorneyzim.com*

Max S. Morgan
*max.morgan@theweitzfirm.com*
Eric H. Weitz
*eric.weitz@theweitzfirm.com*
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875

Elan N. Stone
Davidovich Stein Law Group
6442 Coldwater Canyon Avenue
Suite 209
North Hollywood, California 91606
Tel: (818) 661-2420
Fax: (818) 301-5131
elan@davidovichlaw.com

Justin Nematzadeh PLLC
Nematzadeh PLLC
101 Avenue of the Americas
Suite 909
New York, NY 10013
929.604.3181
jsn@nematlawyers.com

*Counsel for Plaintiffs and the Proposed Class*