## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERYLL CLEWETT and STEVE BAUS, individually and on behalf of all others similarly situated, *Plaintiffs,* <br><br> v. <br><br> NATIONAL POLICE & SHERIFFS COALITION PAC *Defendant* | **RESPONSE TO PLAINTIFF CHERYLL CLEWETT'S FIRST SET OF DISCOVERY TO DEFENDANT** <br><br> Case No. 1:22-cv-06032 |

COMES NOW, the Defendant, by counsel, and, Pursuant to Federal Rules of Civil Procedure 33, 34, and 36 responds to Plaintiff Cheryll Clewett's First Set of Discovery to Defendant (hereinafter, "Clewett Discovery").

## **INTERROGATORIES**

**INTERROGATORY #1**: Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**OBJECTION:** Defendant objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, Defendant offers the following information.

**ANSWER:** The following persons provided information to answer the interrogatories:

Frank Pulciani
4600 Kingfish Lane, #601
Panama City Beach, FL 32408
708 417 0229

EXHIBIT
A

National Police & Sheriffs Coalition PAC
7345 West 100th Place, Suite 105
Bridgeview, IL 60455
info@nationalpolicecoalition.org
833 346 2733

Campaign Calling, LLC
1309 Coffeen Avenue STE 1200
Sheridan, WY 82801
admin@adminsupportcenter.com
844 247 5022

---

**INTERROGATORY #2**: Identify all persons involved in making outbound calls on behalf of Defendant and whether such person uses an artificial voice and/or prerecorded message or messages. This includes, but is not limited to, calls made with soundboard technology or artificial intelligence. A complete answer will include at least the following:

a. the person's full legal name, and if a legal entity, the state in which it is organized;

b. the person's title;

c. the person's business address;

d. the person's telephone number;

e. the person's email address;

f. the person's occupation and a description of the work of such person; and

g. a statement of whether that person is represented by defendant's counsel.

For clarity, this interrogatory seeks the identity of any individual, employee, vendor or sub-vendor involved in making outbound calls on behalf of Defendant using an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** Defendant objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence chiefly because Defendant engaged more vendors than the one that made the call to Baus and the call to Clewett. Notwithstanding the foregoing objection, Defendant offers the following information regarding the vendor that contacted Baus[1] and Clewett.

---

[1] Because Plaintiff Baus provided a pledge kit number in Baus Discovery, Defendant was able to conduct additional research on Plaintiff Baus's claims. This research indicates that Defendant likely did call Plaintiff Baus. Defendant is willing to amend its Answer paragraphs #38-45 if necessary. Had Plaintiff Baus provided the pledge kit number earlier, this burdensome extra investigation and amendment of pleadings would not have been necessary.

**ANSWER:** Defendant has no knowledge of facts responsive to this interrogatory other than to say that Campaign Calling, LLC (contact information provided above) was responsible for every aspect of calling Plaintiff Baus and Plaintff Clewett.

---

**INTERROGATORY #3:** Identify each employee, vendor or third-party of yours that placed telephone calls to Plaintiff or communicated with Plaintiff.

**OBJECTION:** None.

**ANSWER:** Defendant has no knowledge of facts responsive to this interrogatory other than to say that Campaign Calling, LLC (contact information provided above) was responsible for every aspect of calling Plaintiff Baus and Plaintff Clewett.

---

**INTERROGATORY #4:** If you contend that Plaintiff provided consent to receive one or more telephone calls identified in the complaint, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was conveyed or obtained.

**OBJECTION:** None.

**ANSWER:** Not applicable. Defendant does not contend that Plaintiff provided consent to receive one or more calls identified in the complaint.

---

**INTERROGATORY #5:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls utilizing an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**OBJECTION:** None.

**ANSWER:** Not applicable. There are no such individuals.

---

**INTERROGATORY #6:** Identify each and every lawsuit, arbitration, regulatory action or other legal proceeding that you have been involved in regarding claims under the TCPA, and for each, state the caption, the court or tribunal, the date the action was filed, the case number, and summarize the nature of the lawsuit, arbitration or legal proceeding. This interrogatory is limited to the last ten (10) years.

**OBJECTION:** None.

**ANSWER:** Aside from the instant case, Defendant has received only one other such complaint relating or referring to such allegations:

Jason Crews v. National Police & Sheriff's Coalition PAC and Frank Pulciani
Highland Justice Court in and for the County of Maricopa (Arizona)
Filed: November 17, 2022
Case No.: CC2022-183667-RC
Nature of case: Professional plaintiff's TCPA harassment suit

---

**INTERROGATORY #7:** Identify all complaints received by you that refer or relate to unsolicited calls using an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** None.

**ANSWER:** Aside from the instant case, Defendant has received only one other such complaint relating or referring to such allegations:

Jason Crews v. National Police & Sheriff's Coalition PAC and Frank Pulciani
Highland Justice Court in and for the County of Maricopa (Arizona)
Filed: November 17, 2022
Case No.: CC2022-183667-RC
Nature of case: Professional plaintiff's TCPA harassment suit

---

**REQUESTS TO PRODUCE**

**GENERAL OBJECTION:**  Defendant objects to each of the following Requests to Produce insofar as they seek documents protected by attorney client privilege or attorney work product privilege.

**REQUEST TO PRODUCE #1:** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**OBJECTION:** None.

**REPLY:**  Please take note of the following documents

[Jason Crews lawsuit] ............................................................. accompanying this response
[POLITICAL FUNDRAISING AGREEMENT] .............................................previously produced
[Steve_Baus Rallypay receipt].............................................................. accompanying this response

**REQUEST TO PRODUCE #2:** Please produce all documents supporting or contradicting any answer or statement made in any answer by you to any complaint in this case.

**OBJECTION:** Defendant objects to this request to produce as vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of non-cumulative admissible evidence.  Notwithstanding the foregoing objection, Defendant offers the following information.

**REPLY:**  Please take note of the [Steve_Baus Rallypay Receipt] and footnote 1 above.

**REQUEST TO PRODUCE #3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or calls made to or received from Plaintiff.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents.

---

**REQUEST TO PRODUCE #4:** Please produce all documents relating to any failure by an employee or a vendor to abide by your policies or procedures relating to utilizing an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents.

---

**REQUEST TO PRODUCE #5:** Please produce all documents relating to complaints concerning calls using an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence including, but not limited to, lists or databases containing complaints about such calls, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB, or any other source.

**OBJECTION:** Plaintiff objects to this request to produce only to the extent that it seeks documents protected by the attorney-client privilege and the attorney's work product privilege.

**REPLY:** Please take note of the following document

[Jason Crews lawsuit] ........................................................... accompanying this response

**REQUEST TO PRODUCE #6:** All contracts or documents relating to agreements with any vendors or third parties that contacted Plaintiff.

**OBJECTION:** Defendant objects to this request to produce as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence chiefly because Defendant engaged more vendors than the one that made the call to Baus and the call to Clewett. Notwithstanding the foregoing objection, Defendant produces the following document regarding the vendor that contacted Baus and Clewett.

**REPLY:** Please take note of the following document

[POLITICAL FUNDRAISING AGREEMENT] .............................................previously produced

**REQUEST TO PRODUCE #7:** All communications with any vendors or third parties that you have a relationship with that make calls on your behalf utilizing an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** Defendant objects to this request to produce as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence chiefly because Defendant engaged more vendors than the one that made the call to Baus and the call to Clewett. Notwithstanding the foregoing objection, Defendant offers the following information regarding the vendor that contacted Baus and Clewett.

**REPLY:** Please take note of the following document.

[POLITICAL FUNDRAISING AGREEMENT] ..............................................previously produced

Please also note that a review of Defendant's emails using the search terms "Soundboard," "soundboard technology," "pre-recorded call," "call recording," and "pre-recorded call" did not generate any results.

Defendant does not normally communicate with vendors via email. Rather, Defendant typically contacts its vendors telephonically if communication is warranted at all.

Accordingly, Defendant has no other responsive documents in its possession.

**REQUEST TO PRODUCE #8:** All communications with any vendor or third party that placed calls to, or received calls from, Plaintiff regarding the use of an artificial voice and/or prerecorded message or messages, including, but not limited to, soundboard technology or artificial intelligence.

**OBJECTION:** None.

**REPLY:** Please take note of the following document.

[POLITICAL FUNDRAISING AGREEMENT] .............................................previously produced

Please also note that a review of Defendant's emails using the search terms "Soundboard," "soundboard technology," "pre-recorded call," "call recording," and "pre-recorded call" did not generate any results.

Defendant does not normally communicate with vendors via email. Rather, Defendant typically contacts its vendors telephonically if communication is warranted at all.

Accordingly, Defendant has no other responsive documents in its possession.

---

**REQUEST TO PRODUCE #9:** All internal communications regarding any third parties or vendors that you have a relationship with that make calls on your behalf that utilize an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** Defendant objects to this request to produce as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence chiefly because Defendant engaged more vendors than the one that made the call to Baus and the call to Clewett. Notwithstanding the foregoing objection, Defendant offers the following information regarding the vendor that contacted Baus and Clewett.

**REPLY:** Please take note of the following document.

[POLITICAL FUNDRAISING AGREEMENT] .............................................previously produced

Please also note that a review of Defendant's emails using the search terms "Soundboard," "soundboard technology," "pre-recorded call," "call recording," and "pre-recorded call" did not generate any results.

Defendant does not normally communicate via email. Rather, Defendant typically contacts others telephonically if communication is warranted at all.

Accordingly, Defendant has no responsive documents in its possession.

**REQUEST TO PRODUCE #10:** All internal communications regarding any third party or vendor that placed calls to or received calls from Plaintiff regarding the use of an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** None.

**REPLY:** Please take note of the following document.

[POLITICAL FUNDRAISING AGREEMENT] ..............................................previously produced

Please also note that a review of Defendant's emails using the search terms "Soundboard," "soundboard technology," "pre-recorded call," "call recording," and "pre-recorded call" did not generate any results.

Defendant does not normally communicate via email. Rather, Defendant typically contacts others telephonically if communication is warranted at all.

Accordingly, Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #11:** Please produce all documents relating to insurance coverage for the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, and reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #12:** Please produce all indemnification agreements under which a third party or vendor may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties or vendors.

**OBJECTION:** None.

**REPLY:** Please take note of the following document.

[POLITICAL FUNDRAISING AGREEMENT] ............................................previously produced

---

**REQUEST TO PRODUCE #13:** Please produce all documents related to your policies and procedures for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

b) obtaining or verifying consent to make prerecorded calls.

**OBJECTION:** None.

**REPLY:** All vendors are required to adhere to the policies enumerated in Section 3.2 and Section 8f of the below document

[POLITICAL FUNDRAISING AGREEMENT] .............................................previously produced

**REQUEST TO PRODUCE #14:** Please produce all documents containing any of the following information for each outbound call made using an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence sent by you or your vendors:

a) the date and time of the call;

b) any recorded message(s) used during the call;

c) the result of the call;

d) identifying information for the intended recipient;

e) any responses to the recorded message(s) or the call;

f) recordings and/or transcripts of such calls; and

g) any other information stored by the call detail records.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #15:** All communications with any third party or vendor concerning this litigation.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #16:** All documents concerning your response to, or investigation into, allegations of violations of the TCPA. This request is limited to the last 5 years.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #17:** All documents concerning the manner in which you preserve and maintain records relating to outbound telephone calls, inbound telephone calls, and alleged violations of the TCPA.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #18:** Please produce all software manuals, instruction guides, dialer manuals and manager manuals of each and every computer system, software system, telephone system, or other device used by you or anyone acting on your behalf to make outbound calls using an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #19:** Please produce all documents discussing, addressing or related to your decision to use outbound calls that utilize an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #20:** Please produce all recordings of any telephone calls with Plaintiff or other putative class members.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive recordings in its possession.

---

**REQUEST TO PRODUCE #21:** Please produce any and all reports generated as part of your normal operation regarding the use of outbound calls made using an artificial voice and/or prerecorded message or messages, including, but not limited to, calls made with soundboard technology or artificial intelligence sent by you or your vendors.

**OBJECTION:** Defendant objects to this request to produce as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence chiefly because Defendant engaged more vendors than the one that made the call to Baus and the call to Clewett. Notwithstanding the foregoing objection, Defendant offers the following information regarding the vendor that contacted Baus and Clewett.

**REPLY:** Defendant has no responsive documents in its possession.

---

**REQUEST TO PRODUCE #22:** Please produce all scripts or recorded messages used in any outbound calls made using an artificial voice and/or prerecorded message or messages, including, but is not limited to, calls made with soundboard technology or artificial intelligence sent by you or your vendors.

**OBJECTION:** Defendant objects to this request to produce as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence chiefly because Defendant engaged more vendors than the one that made the call to Baus and the call to Clewett. Notwithstanding the foregoing objection, Defendant offers the following information regarding the vendor that contacted Baus and Clewett.

**REPLY:** Defendant has no responsive documents because Defendant and its vendor did not use artificial voice or prerecorded messages in the calls made to Baus and Clewett. Defendant offers the script that was used in the Baus and Clewett calls. It does not use or include any artificial voice or prerecorded messages.

Please take note of the following document.

[NPSC Script] ...................................................................................... accompanying this response

**REQUEST TO PRODUCE #23:** Please produce any other documents, not covered by any previous requests, that you plan to introduce at trial.

**OBJECTION:** None.

**REPLY:** Defendant has no responsive documents in its possession.

---

## REQUESTS FOR ADMISSIONS

1. Admit that Defendant or one of its vendors called Plaintiff during the relevant time period using a prerecorded voice.

**RESPONSE:** Admit that Defendant's vendor, Campaign Calling, LLC, called Plaintiff during the relevant time period.  Deny that the call used a prerecorded voice.

2. Admit that Defendant or one of its vendors called Plaintiff during the relevant time period utilizing soundboard technology.

**RESPONSE:** Admit that Defendant's vendor, Campaign Calling, LLC, called Plaintiff during the relevant time period.  Deny that the call utilized soundboard technology.

3. Admit that Defendant or one of its vendors called Plaintiff on April 28, 2022 at approximately 2:47pm CDT.

**RESPONSE:** Admit.

4. Admit that Defendant or one of its vendors called Plaintiff on April 28, 2022 from telephone number (713) 565-7432.

**RESPONSE:** Admit that Campaign Calling, LLC made the call.  After a reasonable inquiry, Defendant can confirm that (713) 565-7432 is one of the numbers used and displayed on Caller ID by Campaign Calling, LLC.  After a reasonable inquiry, Defendant cannot confirm that (713) 565-7432 was the number used by Campaign Calling, LLC in the call to Plaintiff.

5. Admit that Defendant or one of its vendors placed calls using telephone number (713) 565-7432 during the relevant time period.

**RESPONSE:** Admit.

---

6. Admit that Plaintiff did not provide Defendant or its vendors with consent to call her with a prerecorded message.

**RESPONSE:** Admit that Plaintiff did not provide consent to Defendant. After a reasonable inquiry, Defendant cannot confirm whether Plaintiff gave consent to Campaign Calling, LLC. Deny that a pre-recorded message was used.

---

7. Admit that none of the telephone calls made by Defendant or its vendors to Plaintiff during the relevant time period were for emergency purposes for purposes of 47 U.S.C. § 227(b)(1)(A).

**RESPONSE:** Admit.

---

The foregoing responses are signed on behalf of Defendant pursuant to Fed.R.Civ.P. 33(b)(5)

Frank Pulciani
National Police and Sheriff's Coalition PAC, Treasurer


The foregoing objections are signed on behalf of Defendant pursuant to Fed.R.Civ.P. 33(b)(5)

Charles Nave, Esq.
Counsel for Defendant
Dated: February 3, 2023

Charles H. Nave, Esq.
Admitted in Virginia (VSB No. 43585), Maryland, and the District of Columbia
charlie@nave-law.com
CHARLES H. NAVE, P.C.
316 Mountain Avenue, S.W.
Roanoke, Virginia 24016
Tel: (540) 345-8848

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, as attorney for Defendant, hereby states that a true and correct copy of the indicated document has been properly served via electronic mail on the following individuals at the indicated addresses on the indicated date:

Document: Response to Plaintiff Cheryll Clewett's First Set of Discovery to Defendant

Thomas Zimmerman, Jr.
*tom@attorneyzim.com*

Jeffrey D. Blake
*jeff@attorneyzim.com*

Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Tel: 312 440 0020

Max S. Morgan
*max.morgan@theweitzfirm.com*

Eric H. Weitz
*eric.weitz@theweitzfirm*

The Weitz Firm, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: 267 587 6240

Date: February 3, 2023         By:         */s/ Charles Nave*
                                             Charles Nave