**Max Morgan**

| | |
|---|---|
| **From:** | Luke Casson <lcasson@andreou-casson.com> |
| **Sent:** | Friday, October 6, 2023 7:00 PM |
| **To:** | Max Morgan |
| **Cc:** | Michelle Jensen; elan@davidovichlaw.com; jsn@nematlawyers.com; tom@attorneyzim.com; jeff@attorneyzim.com; matt@attorneyzim.com; sharon@attorneyzim.com; Logan Quan; Wendy Cespedes; Sekoya Pelayo |
| **Subject:** | Re: 002-360 Clewett et al v. National Police & Sheriffs Coalition PAC (22 cv 06032) |

Max:
Noted. Objections stand.

Luke A. Casson

On Oct 6, 2023, at 3:44 PM, Max Morgan <max.morgan@theweitzfirm.com> wrote:

Dear Luke:

Please provide your availability next week for a meet and confer regarding Defendant's discovery responses. Defendant's discovery responses are largely deficient and violate the Federal Rules of Civil Procedure. Below is a brief summary and is not intended to include all of the issues we have identified with the discovery responses.

For example, Federal Rule of Civil Procedure 34(b)(2)(C) states that "[a]n objection **must state whether any responsive materials are being withheld on the basis of that objection**. An objection to part of a request must specify the part and permit inspection of the rest." Defendant objects to numerous requests for production without stating whether he is withholding responsive materials based on his boiler plate objections. Please immediately amend responses to Request Nos. 16, 17, 25, and 26 to clarify whether Defendant is withholding any documents on the basis of an objection.

With respect to the interrogatory responses, Rule 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." It is well established that boilerplate objections of this nature are not adequate objections. *See, e.g.*, *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory*."); Burkybile v. Mitsubishi Motors Corp*., 2006 U.S. Dist. LEXIS 57892, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006); *United Auto. Ins. v. Veluchamy*, 2010 U.S. Dist. LEXIS 19432, 2010 WL 749980, at *5 (N.D. Ill. March 4, 2010). Please withdraw your boiler plate objections to all interrogatories. If Defendant will maintain an objection, please specifically state the objection and the reasons supporting it.

With respect to interrogatory No. 12, Defendant claims "attorney client privilege." While the content of the discussions may be privileged under certain circumstances, the identity of the individuals Defendant had these discussions with is not privileged. Please amend this interrogatory response. In addition, please provide a privilege log as required under the rules. *See* Fed. R. Civ. P. 26(b)(5).

**EXHIBIT D**

1

With respect to Interrogatory No. 13, we understand that Defendant dissolved NPSC PAC. However, the interrogatory is not limited to the date Defendant is answering the Interrogatory. The relevant time period is four years prior to the filing of the Complaint. Please revise this interrogatory to identify all employees, representatives, agents, officers, and principals of National Police & Sheriffs Coalition PAC. during the relevant time period.

With respect to Interrogatory No. 18, Defendant admits that he did not search any devices, accounts, locations, databases, and files for any responsive information. This is improper and a violation of the Federal Rules of Civil Procedure. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) ("[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery, and, based on that inquiry, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control."). Please confirm Defendant will conduct the required searches for responsive information and confirm that Defendant will amend the responses within 10 days.

Finally, please provide available dates for Mr. Pulciani's deposition in October and the first 2 weeks of November.

Regards,

Max

---

**From:** Michelle Jensen <mjensen@andreou-casson.com>
**Sent:** Friday, October 6, 2023 12:55 PM
**To:** elan@davidovichlaw.com; jsn@nematlawyers.com; Max Morgan <max.morgan@theweitzfirm.com>; tom@attorneyzim.com; jeff@attorneyzim.com; matt@attorneyzim.com; sharon@attorneyzim.com
**Cc:** Luke Casson <lcasson@andreou-casson.com>; Logan Quan <lquan@andreou-casson.com>; Wendy Cespedes <wcespedes@andreou-casson.com>; Sekoya Pelayo <spelayo@andreou-casson.com>
**Subject:** 002-360 Clewett et al v. National Police & Sheriffs Coalition PAC (22 cv 06032)

Good morning.
Attached please find:
 Defendants response to RFP
 Defendants response to Interrogatories
 Defendants Signed Verification
 Certificate of Service dated 10.05.2023

Please contact our offices with any questions or concerns.
Thank you.

--

*Michelle Jensen*
**Office Manager**

Andreou & Casson, Ltd.

661 West Lake St., Suite 2N

Chicago, Illinois 60661

T: 312.935.2000

F: 312.935.2001

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 935-2000 and also indicate the sender's name. Thank you.


CIRCULAR 230 NOTICE: Treasury Department Circular 230 requires that we inform you that any discussion of U.S. federal tax issues contained herein and in any accompanying materials is not intended or written to be relied upon, and cannot be relied upon, by any person for the purpose of (i) avoiding penalties that may be imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein or therein.